UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORA BYFORD, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-470 |
| | § | |
| TIFFANY HENSLEY FONTENOT and | § | |
| GUY SHERWOOD HENSLEY, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendants Tiffany Hensley Fontenot and Guy Sherwood Hensley's amended motion for summary judgment. Dkt. 19. Fontenot and Hensley originally moved for summary judgment on October 18, 2019. Dkt. 12. Plaintiff Cora Byford filed a response to that motion on November 25, 2019, after a court approved continuance. Dkts. 15, 17. Fontenot and Hensley moved for leave to file an amended motion for summary judgment on December 16, 2019, arguing that they did not have the plaintiff's deposition testimony when they originally filed their motion for summary judgment. Dkt. 18. They then filed their amended motion on December 20, 2019. Dkt. 19. Byford was not opposed to the motion to file an amended motion. Dkt. 18. Byford, however, did not respond to the amended motion for summary judgment. In an abundance of caution, the court entered an order granting the motion to file the amended motion, and it ordered Byford to respond to the amended motion for summary judgment within ten days. Dkt. 20. Byford failed to respond.

After considering the amended motion for summary judgment, record evidence, and applicable law, the court is of the opinion that the motion should be GRANTED.

## I. BACKGROUND

This is a Fair Labor Standards Act ("FLSA") case for alleged unpaid wages. Dkt. 1. Byford contends that Fontenot and Hensley employed her as a caregiver starting in February 2015. *Id.* Byford alleges that Fontenot and Hensley directed and controlled Byford's schedule, scope of work, and details of work, and that they required her to work more than forty hours a week. *Id.* However, she asserts that they paid her less than $7.25 per hour and knowingly and willfully failed to pay her overtime. *Id.*

Byford filed this lawsuit on February 12, 2019, alleging that Fontenot and Hensley willfully or at least negligently denied paying her overtime wages from February 2015 until February 2017 and that they paid her less than minimum wage, in violation of state and federal wage and hour laws.[1] *Id.* Byford additionally alleges that Fontenot and Hensley misrepresented Byford's employment status, which caused her to incur penalties from the Internal Revenue Service. *Id.* She seeks damages related to this alleged fraud. *Id.*

Fontenot and Hensley move for summary judgment, arguing that (1) Byford's claims, with the exception of the dates February 12 through 14, 2017, are barred by the statute of limitations; and (2) Byford is not entitled to additional pay for the two remaining days because the summary judgment evidence demonstrates that the FLSA exemption for companionship services applies. Dkt. 19. The motion for summary judgment does not address Byford's fraud claim or any potential claim for violations of state-law wage and overtime statutes. The plaintiff has not responded to the motion, and it is ripe for disposition.

---

[1] The complaint vaguely refers to "Texas Wage and Overtime law" without citing any particular statutes or cases. *See* Dkt. 1.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

## III. ANALYSIS

### A. Statute of Limitations

Fontenot and Hensley argue that Byford's FLSA claims, with the exception of the dates February 12 through 14, 2017, are barred by the statute of limitations. The FLSA has a two-year statute of limitations, except willful violations have a three-year statute of limitations. 29 U.S.C. § 255(a). "Under the FLSA, a violation is willful if the employer either knew or showed reckless disregard for . . . whether its conduct was prohibited by the statute." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821 (5th Cir. 2003) (citations and quotations omitted). The plaintiff bears the burden of demonstrating willfulness. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135, 108 S. Ct. 1677 (1988) (holding that the plaintiff "must prove that the employer's conduct was willful"). "Summary judgment in favor of the employer is inappropriate if the plaintiff has introduced evidence

sufficient to support a finding of willfulness." *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 552 (5th Cir. 2009).

Here, the defendants provide an affidavit in which Hensley states that Byford was her "good friend" who "volunteered to watch [Hensley's] father during [Hensley's] work day," that she "did not consider [herself] to by [Byford's] employer" and rather "thought [she] was simply paying a good friend for watching [her] father while [she] was at work or out of town," and that she "did not know that engaging [Byford] to provide services to [her] father implicated the Fair Labor Standards Act and the Act's minimum wage and overtime compensation provisions." Dkt. 19, Ex. A. Byford presents no evidence of willfulness. Accordingly, she has not met her burden of showing wilfulness. The defendants' motion for summary judgment on claims for pay that are more than two years prior to the date of filing is GRANTED, and these claims are DISMISSED WITH PREJUDICE.

**B.      Companionship Exemption**

The defendants contend that Byford is not entitled to additional pay under the FLSA for the remaining two days because her work providing companionship services was exempt. The defendants bear the burden of proving that Byford's work fell within the claimed FLSA exemption. *Johnson v. Heckman Water Res.*, 758 F.3d 627, 630 (5th Cir. 2014).

Under 29 U.S.C. § 213(15), the FLSA's minimum wage and maximum hours requirements do not apply to "any employee employed on a casual basis in domestic service employment to provide babysitting services or any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary)."

4

The Secretary of the Department of Labor has further clarified that

> (a) As used in section 13(a)(15) of the Act, the term companionship services means the provision of fellowship and protection for an elderly person or person with an illness, injury, or disability who requires assistance in caring for himself or herself. The provision of fellowship means to engage the person in social, physical, and mental activities, such as conversation, reading, games, crafts, or accompanying the person on walks, on errands, to appointments, or to social events. The provision of protection means to be present with the person in his or her home or to accompany the person when outside of the home to monitor the person's safety and well-being.
> (b) The term companionship services also includes the provision of care if the care is provided attendant to and in conjunction with the provision of fellowship and protection and if it does not exceed 20 percent of the total hours worked per person and per workweek. The provision of care means to assist the person with activities of daily living (such as dressing, grooming, feeding, bathing, toileting, and transferring) and instrumental activities of daily living, which are tasks that enable a person to live independently at home (such as meal preparation, driving, light housework, managing finances, assistance with the physical taking of medications, and arranging medical care).
> (c) The term companionship services does not include domestic services performed primarily for the benefit of other members of the household.
> (d) The term companionship services does not include the performance of medically related services provided for the person. The determination of whether services are medically related is based on whether the services typically require and are performed by trained personnel, such as registered nurses, licensed practical nurses, or certified nursing assistants; the determination is not based on the actual training or occupational title of the individual performing the services.

29 C.F.R. § 552.6. Byford asserted during her deposition that she worked 24 hours a day. Dkt. 19-2 at 103–04. The defendants provide evidence that Byford provided 15 to 20 hours of caretaking services in a five-day work week and approximately 30 hours of such services in a seven-day work week. Dkt. 19-2 (Byford Dep.) at 169–70; *see* Dkt. 19, Ex. A (Fontenot Aff.) ¶ 7 ("It is my understanding that [Byford] occasionally provided care services to my father in conjunction with the provision of fellowship and protection which included some assistance with activities of daily living

and instrumental activities of daily living. I do not know how much time each week she provided care services to my father."). Byford's work was otherwise as a companion or to provide protection. Dkt. 19, Ex. A (Fontenot Aff.) ¶ 6 ("I needed someone like her to provide fellowship to my father by engaging him in social, physical and mental activities. I also needed someone like her to protect my father by being present with him inside the home and accompanying him outside the home to monitor his safety and well-being on walks, errands, appointments and social events."); Dkt. 19-2 (Byford Dep.) at 117–23 (testifying that she listened to Hensley talk, did activities such as painting, coloring, and drawing with him, walking and going on errands, went to medical appointments with him, went to social outings with him, and monitored his safety). If one worked 24 hours a day for five days, that equals 120 hours. Twenty hours is approximately 17 percent of 120, which is below the 20 percent threshold in the exemption. If she worked 24 hours a day for seven days, that equals 168 hours. Thirty hours is approximately 18 percent of 168, which is, again, below the 20 percent threshold in the exemption. The defendants have met their burden, and Byford has not provided any evidence that contradicts this showing. Accordingly, the defendants' motion for summary judgment on the remaining FLSA claims is GRANTED.

**C.     Texas State Law Claims**

Byford appears to allege fraud, as well as a violation of the "Texas wage and Overtime law requirements," in her complaint. *See* Dkt. 1. The defendants do not mention these claims in their motion for summary judgment. *See* Dkt. 19. To the extent the defendants are requesting summary judgment on all claims, they have not met their initial burden on this claim. However, since these potential claims are purely a state-law claims and there are no remaining federal claims, this court lacks jurisdiction and declines to exercise supplemental jurisdiction without the accompanying federal claim. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental

jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."). Accordingly, any state-law claims, to the extent the plaintiff meant to assert state-law claims, are DISMISSED WITHOUT PREJUDICE.

### IV. CONCLUSION

Fontenot and Hensley's motion for summary judgment on Byford's FLSA claims is GRANTED, and the FLSA claims are DISMISSED WITH PREJUDICE. The court declines to exercise supplemental jurisdiction over any remaining state-law claims. Thus, to the extent Byford asserts state-law claims, they are DISMISSED WITHOUT PREJUDICE.

Signed at Houston, Texas on February 12, 2020.

_____
Gray H. Miller
Senior United States District Judge