UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Cora Byford, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-19-470 |
| | § | |
| Tiffany Hensley Fontenot and | § | |
| Guy Sherwood Hensley, | § | |
| | § | |
| *Defendants*. | § | |

## Order

Pending before the court is plaintiff Cora Byford's motion for relief from judgment. Dkt. 24. Byford contends that she neglected to properly calendar the deadline to respond and seeks relief from judgment based on excusable neglect. *Id.* After considering the motion, supporting documents, the record, and applicable law, the court is of the opinion that the motion should be DENIED.

### I. Background

Byford provided services for defendant Guy Sherwood Hensley that included companionship and some caretaking responsibilities from around January 2015 until his death on February 14, 2017. *See* Dkt. 21. Tiffany Hensley Fontenot is Hensley's daughter and, according to Fontenot, Byford was a good friend. *See* Dkt. 22. Fontenot and Hensley paid Byford $75 a day for twelve hours of work and $50 a night for twelve hours of work, during which Byford would also sleep. Byford contends that she was paid less than minimum wage and did not receive any overtime pay, even though she was required to "work almost around the clock." Dkt. 21. She filed suit against both Sherwood and Hensley on February 12, 2019, seeking recovery under the Fair Labor Standards Act ("FLSA") as well as Texas state law. Dkt. 1.

Hensley and Fontenot originally moved for summary judgment on October 18, 2019. Dkt. 12. On November 4, 2019, Byford moved for an extension of time to respond to the motion because her lead counsel got married on October 26, 2019, and would be on a honeymoon until November 10, 2019. Dkt. 13. The defendants were opposed to the extension of time because (1) the plaintiff had any facts needed to respond to the motion well before her counsel's wedding and honeymoon; and (2) the plaintiff had failed to respond to discovery requests, despite multiple requests, and would not even appear for a deposition.[1] Dkt. 14. The court granted a short continuance, requiring the plaintiff to respond on or before November 25, 2019. Dkt. 15.

On November 25, 2019, Byford filed a response, and the defendants filed an unopposed motion for leave to file an amended or supplemental motion for summary judgment. Dkts. 16, 17. In the unopposed motion, the defendants noted that Byford had presented herself for deposition on November 25, 2019, and they requested leave to file an amended motion for summary judgment after the deposition transcript became available. Dkt. 16. On December 16, they filed an amended unopposed motion for leave to file an amended or supplemental motion for summary judgment, noting that the deposition transcript would not be ready until December 17 and requesting until December 20 to file their amended motion. Dkt. 18. They filed the amended motion on December 20, 2019. Dkt. 19. The plaintiff did not file a response to the motion. The court granted the amended motion for leave to file the amended or supplemental motion for summary judgment on January 30, 2020, and it ordered the plaintiff to file a response to the amended motion within ten days. Dkt. 20. The plaintiff did not file a response within that time period.

---

[1] The scheduling order set a discovery deadline of September 20, 2019, and a dispositive motion deadline of October 18, 2019. Dkt. 9.

On February 12, 2020, the court issued a memorandum opinion and order granting summary judgment. Dkt. 22. On February 13, 2020, Byford filed her supplemental response to the motion, which was four days after the court-imposed deadline and thirty-four days after the motion docket date set when the amended motion was filed on December 20, 2019.

Byford now moves for relief from judgment, arguing that the delay was based on her counsel's improperly calendaring the deadline to respond. Dkt. 24. She argues that the mistake was mere negligence, not deliberate disregard for the court's order. *Id.*

## II. LEGAL STANDARD

Rule 60(b) permits a court to relieve a party from a final judgment for mistake, inadvertence, surprise, excusable neglect, or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1), (6). "To merit relief, a party must show that its failure to file a timely answer or otherwise defend resulted from justifiable neglect and that a fair probability of success on the merits existed if the judgment were to be set aside." *Fed. Sav. & Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1069 (5th Cir. 1988); s*ee also Jenkins & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008) (reviewing the legal criteria for setting aside a default judgment based on a Rule 60(b)(1) motion). Rule 60(b) provides relief for "excusable neglect," but it does not excuse "mistakes resulting from the '[g]ross carelessness' of counsel or counsel's failure to act with diligence.'" *Long v. James*, 667 F. App'x 862, 863 (5th Cir. 2016) (unpublished) (quoting *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356–57 (5th Cir. 1993)). "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's careless ness with or misapprehension of the law or the applicable rules of court." *Edward H. Bohlin Co.*, 6 F.3d at 357. In the Fifth Circuit, the following factors "shape the framework of the court's consideration of a 60(b) motion":

3

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether—if the judgement was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.

*Id.* at 356.

### III. ANALYSIS

Byford has not demonstrated excusable neglect. Generally, calendering errors are insufficient to establish excusable neglect. *See, e.g.*, *Gonzalez v. State Fair of Tex.*, 235 F.3d 1339, 2000 WL 1672678, at *2 (5th Cir. Oct. 13, 2000) (unpublished) (holding that the negligence of a lawyer's clerk who failed to calendar the due date for a motion for summary judgment response did not "constitute a valid excuse"); *Davila v. Walmart Stores, Inc.*, No. 3:15-CV-2874-D, 2017 WL 1509303, at *2 (N.D. Tex. Apr. 27, 2017) (citing two similar cases and finding that a failure to respond "due to counsel's 'unfortunate calendaring error'" was "insufficient to establish excusable neglect"). *But see Juarez v. Target Corp.*, No. SA-18-CV-00364-XR, 2019 WL 919014, at *4 (W.D. Tex. Feb. 25, 2019) ("The Fifth Circuit is clear that counsel's negligence or failure to act with diligence is generally insufficient to constitute excusable neglect, but [counsel] has provided evidence that he was suffering from a severe medical condition involving issues of cognitive impairment . . . at the time he received the Motion for Summary Judgment."). In the motion, Byford states that "Plaintiff neglected to properly calendar the deadline to respond and filed her response to Defendants' Motion for Summary Judgment 3 days after the deadline." Dkt. 24. Her counsel's affidavit merely states that he calendared the deadline three days after the deadline to respond. *See* Dkt. 24-1. Byford

4

provides some caselaw from courts in other circuits to support her argument that a calendaring error is excusable neglect, and she urges the court to analyze the factors set forth by the U.S. Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates, L.P.*, 507 U.S. 380, 393–94 (1993). Dkt. 24. However, "[w]hile *Pioneer* guides an analysis of 'excusable neglect' within the context of Bankruptcy Rule 9006(b)(1), nothing in the Supreme Court's opinion changed the well-established rule" established in *Edward H. Bohlin Co.* that "mistakes resulting from the '[g]ross carelessness' of counsel or counsel's failure to act with diligence" are not excusable neglect under Rule 60(b). *In re Pettle*, 410 F.3d 189, 192 (5th Cir. 2005). Here, counsel has provided nothing to indicate that her calendaring error is different from errors that courts have treated as gross carelessness. In fact, the court had shortened the response time to ten days because the amended motion had already been on the docket for over a month when the court ordered the response, so it is particularly concerning that, notwithstanding calendaring, counsel did not realize that she had a quickly approaching due date.

Moreover, even if the court were to grant the motion based on excusable neglect, the court has reviewed the response that Byford submitted, and it would not change the outcome. The court granted the motion for summary judgment for the following reasons: (1) the claims for work before February 12, 2014, were barred by the statute of limitations because Byford had no evidence that any violation of the FLSA was willful, which would be necessary for a three-year statute of limitations to apply; and (2) any claim for unpaid wages for the two days of employment that were within the statute of limitations failed because the defendants successfully showed that an FLSA exemption applied. Dkt. 22. In the late-filed response, Byford does not discuss the statute of limitations, and she provides no evidence that the defendants "knew or showed reckless disregard for the matter of whether [their] conduct was prohibited by statute," which is the standard she must meet to show

5

willful conduct that would qualify for the three-year limitations period. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S. Ct. 1677 (1988) (discussing the "willfulness" standard); Dkt. 22 (failing to address the willfulness requirement for claims for unpaid hours worked from more than two years prior to filing). She also fails to provide evidence sufficient to create an issue of material fact that her work did not meet the exemption upon which the defendants relied. Instead, she lists excerpts from her deposition where she discusses her different activities, such as cooking, administering medicine, and calling in prescriptions, and taking Hensley to buy flowers and visit his wife's grave, and she concludes that it is "clear" that she "was employed by [Fontenot] as a caregiver of her father, Guy Sherwood Hensley." Dkt. 21. Byford notes the minimum amount of time she was "on the clock," but she does not show that the caretaking aspect of her responsibilities exceeded twenty percent of the total hours worked per workweek, which is the amount of time needed to overcome the exemption. *See id.*; *see* Dkt. 22 (explaining the exemption).

### IV. CONCLUSION

Byford's motion for reconsideration is DENIED.

Signed at Houston, Texas on April 9, 2020.

_____
Gray H. Miller
Senior United States District Judge